[No. 6184.]

## D. N. DILLA v. WALTER BOHALL.

DECISION OF LAND DEPARTMENT ON QUESTION OF FACT NOT SUBJECT TO REVIEW.—In a contest between two persons claiming the right to enter a tract of land under the pre-emption laws of the United States, the question whether one of the parties continuously resided upon the land from his settlement thereon up to the date of the contest, is a question of fact; and the decision of the question by the Land Department is conclusive, and not subject to review by the Courts.

FINDINGS.—The Court should find upon all the issues.

APPEAL from the District Court of the Eighth Judicial District, Humboldt County.

Action of ejectment for a quarter-section of land. The answer and cross-complaint set up facts, showing that there was a contest before the Land Department of the United States between plaintiff and defendant; and claim that the land was awarded to plaintiff by mistake of law, when legally it should have been awarded to defendant.

Judgment was rendered for the defendant, and the plaintiff appealed. The other facts are stated in the opinion.

*J. J. DeHaven* and *J. D. H. Chamberlain,* for Appellant.

*S. M. Buck,* for Respondent.

By the COURT:

It is manifest that the defendant cannot sustain his equitable defense, so as to require the plaintiff to convey to him the legal title which was conveyed by the patent issued by the United States to the plaintiff, unless the defendant had the better right to pre-empt the land. In the contest between the parties in the Land Department, it was incumbent upon each party to prove the facts upon which he relied, as establishing his claim to the right of pre-emption. Defendant filed his declaratory statement October 3rd, 1873, alleging settlement October 22nd, 1862; and the plaintiff filed his declaratory statement December 26th, 1873, alleging settlement March 25th, 1865. It was proven that in March, 1865, the plaintiff was in the actual and personal occupation of the land, and so remained until May, 1868, when he was ejected therefrom by virtue of a writ of possession, issued upon a judgment rendered in an action brought by Bohall against Dilla in one of the District Courts of this State, and Bohall was put into possession of the land. In the contest between the plaintiff and defendant in the Land Department, it became necessary for the defendant to prove a continuous personal residence on the land from and after May, 1868. It was

proven that he was absent from the land from July, 1869, to December, 1871, and from April, 1872, to August, 1874.

There is no doubt that there may be absences from the land upon which a pre-emptor has settled, under such circumstances or for such reasons that the absences will be justifiable or excusable—that he may be regarded as having had a continuous personal residence upon the land, within the meaning of the pre-emption law. The question in such case is a question of fact, and the determination of the Land Department is final and conclusive. It is the province of the Land Department to determine whether the reasons for, and the facts and circumstances attending, the absences of the claimant, are such that he will be regarded as having complied with the law requiring his continuous personal residence upon the land, and the decision of the question is not open to review by the Courts. In the contest, the decision of that question was adverse to the defendant, and that decision must be held to be conclusive here. The same principles are applicable to the absence of the plaintiff after he was ejected by virtue of legal process in May, 1868, and the decision thereupon by the Land Department.

The plaintiff is entitled to judgment, upon the pleadings and findings, for the possession of the lands described in the complaint, and for the rents and profits at the rate admitted by the answer, and his costs; but as there was no finding upon the issue as to the value of the rents and profits, he is entitled to a new trial if he so elects.

Judgment and order reversed, and cause remanded for further proceedings in accordance with this opinion. Remittitur forthwith.